CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 23 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HOWARD Z. GARNETT, | ) CASE NO. 7:14CV00452 |
| Petitioner, | ) |
| v. | ) MEMORANDUM OPINION |
| HAROLD CLARKE, DIRECTOR, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Respondent. | ) |

Petitioner Howard Z. Garnett, through counsel, filed this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2004 convictions in the Madison County Circuit Court for abduction with intent to defile, rape, animate object penetration, and domestic assault, third offense. After review of the state court records, the court granted respondent's motion to dismiss. Garnett v. Clarke, No. 7:14CV00452, 2015 WL 5112967 (W.D. Va. Aug. 31, 2015) (ECF Nos. 13 and 14). Specifically, the court found that some claims were procedurally barred from federal habeas review, while others required dismissal because the state courts' prior adjudications of Garnett's claims were not contrary to, or an unreasonable application of, established federal law and were not based on an unreasonable determination of facts. See 28 U.S.C. § 2254(d). Thereafter, Garnett filed a pro se motion for leave to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Respondent has objected to petitioner's arguments, and Garnett has filed a reply.

The court will reinstate the case to the active docket for consideration of Garnett's submissions. The court concludes, however, that the Rule 59(e) motion and the amendment thereto must be denied.[1]

---

[1] Garnett has also filed a motion to amend the Rule 59(e) motion and a motion seeking to obtain documentation in support thereof. These motions must also be denied.

I.

In Garnett's initial Rule 59(e) motion, he asks the court to consider post-trial deposition testimony the victim gave (hereinafter "the deposition") in relation to civil actions she brought against Garnett and his family members after his convictions. Garnett asserts that in this deposition, the victim recanted certain parts of her trial testimony, proving that he was denied due process at trial.

The deposition is part of the state court record. Almost a year after filing his state habeas petition in March 2009, Garnett submitted the deposition, attached to an amendment, asserting that it proved the knowing use of perjured testimony. The state courts' decisions and orders did not expressly acknowledge or address this claim or the deposition evidence, although the parties presented arguments about them.

Garnett also presented the claim to this court in a timely manner. He allegedly asked his attorney to include the deposition and perjured testimony claim in his § 2254 petition, but his attorney refused. The day after counsel filed the § 2254 petition, Garnett filed a pro se motion to amend the petition—to add arguments about the post-trial deposition testimony of the victim, among other things. The court dismissed the motion to amend without prejudice, because Garnett was then represented by counsel. Garnett, now pro se, reasserts his desire for the court to consider the deposition evidence as proof that his conviction was obtained through use of perjured testimony, in violation of due process.

Consideration of Garnett's due process claim requires some background information. The victim's credibility regarding her business and personal dealings with Garnett in 2003 was a key issue in the trial. She had purchased land and a house from Garnett, located several hundred yards from the house where he lived with his mother. Thereafter, she and Garnett became

2

friends, engaged in some business enterprises and projects together, and for a time, had a consensual sexual relationship. She testified at trial that she terminated the sexual relationship in November 2002, but still had frequent association with Garnett and his mother. She also testified that she had personal belongings stored on Garnett's property for more than a year thereafter, including parts of a dismantled greenhouse she had purchased.

The victim testified at trial that Garnett raped her on three occasions. She testified that on January 19, 2003, and again on April 29, 2003, Garnett came, uninvited, to her home, physically assaulted her, and raped her. The jury acquitted Garnett of the charges that he raped the victim on January 19, and April 29, 2003.

The victim also testified that on the morning of July 24, 2003, she drove to Garnett's barn and began loading parts of her greenhouse onto her truck. She testified that Garnett walked up, ordered her to unload the items, forcibly took her truck keys, and asked her to come to the house and then to the barn with him, where he made unwanted sexual advances, restrained her from leaving, and assaulted and raped her. It is undisputed that the victim has not recanted this testimony or offered substantially different accounts of these assaultive events at any time— before, during, or after trial.

The victim has given somewhat varying accounts of other events involving her associations with Garnett, as reflected in the numbered pages of the Madison County Circuit Court <u>habeas</u> case record, CL 09-2248 (hereinafter "St. Hab."). In a statement to a police investigator on July 31, 2003, she stated that after Garnett raped her on April 29, 2003, he forced her to drive with him to Harrisonburg to purchase fertilizer and plastic sheeting for the

3

greenhouse at Wetsel, Inc.[2] (St. Hab. 220.) During the criminal trial, neither the victim nor any other witness testified about the trip to Wetsel. In the deposition taken on July 21, 2005, the victim admitted to purchasing fertilizer and plastic from Wetsel in April 29, 2003, as reflected on an invoice; but she stated that she did not believe she went to Wetsel on that date, after Garnett raped her, and believed the items were delivered to her, but did not recall for certain. (Id. 131.) The victim also explained that when she purchased the dismantled greenhouse earlier in 2003, she asked Garnett to deliver the parts to her property, but he placed them on his property instead and did not comply with her requests to move them. (Id. 121.) She stated that she later saw Garnett constructing her greenhouse on his property and using items she had purchased and stored on her own property. (Id. 127-129.)

In a state habeas hearing on October 17, 2012, Garnett testified that the victim accompanied him voluntarily to Wetsel and purchased the fertilizer and plastic to use on projects they were working on together, using an account Garnett opened that day in the name of his farm. (St. Hab. Evidentiary Hearing Transcript ("Tr.)" 67-71.) He testified that they constructed the greenhouse together on his property and presented a photograph of the victim beside a partially constructed greenhouse in May 2003, smiling. (Id. 57, 96-97.) The victim testified under subpoena at that hearing that she did not recall going to Wetsel on April 29 and did not believe she did so after Garnett had raped her that morning. (Id. 221-227.) She also testified that after she purchased parts to build a greenhouse on her property, Garnett used those materials to construct the greenhouse on his property without her permission. (Id. 229-231.)

---

[2] Garnett did not see a transcript of statements the victim gave to police until the state habeas proceedings, because they were sealed during his direct appeals. The Supreme Court of Virginia ruled that the prosecution had disclosed all material exculpatory and impeachment evidence in the summaries of the statements provided to Garnett before trial and, as such, had committed no violation of his due process rights under Brady v. Maryland, 373 U.S. 83 (1963). See Garnett v. Commonwealth, 657 S.E.2d 100, 112 (Va. 2008), cert. denied, 555 U.S. 853 (2008). The Supreme Court of Virginia also held that Garnett was not entitled to a new trial, based on a then-newly discovered April 29, 2003 invoice from Wetsel of a purchase of fertilizer and plastic. Id. at 112-13.

4

When asked about the photograph of herself with a partially constructed greenhouse, smiling, the victim answered, "I did what he told me to do." (Id. 231.)

II.

A motion to alter or amend judgment under Rule 59(e) is not intended as a means for a dissatisfied litigant to reargue "the very issues that the court has previously decided." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007).

> A Rule 59(e) motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted). It is an extraordinary remedy that should be applied sparingly. EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997).

Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002).

Garnett does not argue any intervening change in the law as grounds for his Rule 59(e) motion. The deposition was available during state and federal court habeas proceedings,[3] and as such, does not qualify as "new evidence" showing any defect in the court's opinion on the motion to dismiss so as to justify relief under Rule 59(e) as to any claim addressed in that opinion. Moreover, Garnett's motion does not identify any erroneous finding or ruling that this

---

[3] In addition to the deposition, Garnett's Rule 59(e) motion also references another piece of evidence obtained post-trial: a June 2014 letter from Henry Brenneman, who testified for the defense during the penalty phase. This letter (which is not in the record) allegedly describes additional testimony that counsel could have elicited from Brenneman, regarding the victim's use of Garnett's business account to purchase supplies for a greenhouse and Brenneman's understanding that the victim and Garnett were jointly constructing that greenhouse on Garnett's property early in 2003. Garnett fails to explain why he did not raise these issues during state court habeas corpus proceedings, even without the letter. Moreover, because the letter was not part of the record before the state habeas court, it cannot be considered by this court in reviewing Garnett's § 2254 claims here. See Cullen v. Pinholster, 563 U.S. 170, 182-83 (2011) ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.").

5

court made in denying the motion to dismiss the claims raised in his § 2254 petition itself.[4] Thus, to warrant relief under Rule 59(e), Garnett's motion must prove that such relief is necessary to prevent some other "manifest injustice." Zinkand, 478 F.3d at 637. The due process claim that Garnett earlier attempted to submit to this court, based on post-trial evidence allegedly showing that the state procured the convictions through the knowing use of perjured testimony, could conceivably fall within this provision.[5] See Napue v. Illinois, 360 U.S. 264, 269 (1959). Accordingly, the court will consider Garnett's claim regarding the deposition.[6]

Garnett apparently argues that the maintenance of a conviction based on testimony later shown to be false offends due process and warrants habeas relief, irrespective of whether the prosecutor knew of the perjury at the time of the trial. Garnett is mistaken. "The mere existence of new evidence [is] not enough to grant relief, but rather that the evidence must bear upon the constitutionality of the applicant's detention." Townsend v. Sain, 372 U.S. 293 (1963). Thus, the opening for habeas relief based on newly discovered evidence of perjury is narrow:

---

[4] In his motion to amend the Rule 59(e) motion, Garnett merely reargues the claims asserted in his counseled § 2254 petition that were already addressed and dismissed by the court. Such arguments, if raised in a Rule 59(e) motion, must be dismissed as a successive § 2254 petition. See Gonzales v. Crosby, 545 U.S. 524, 532 (2005) (holding that post-judgment motion which "attacks the federal court's previous resolution of a claim on the merits" constitutes a successive petition and must be dismissed as such); United States v. Martin, 132 F. App'x 450, 451 (4th Cir. 2005) (per curiam) (extending Gonzales rationale to Rule 59(e) motion raising new habeas claims) (unpublished). Therefore, the court will deny Garnett's motion to amend and his related motion seeking production of evidence.

[5] Garnett may also be attempting to argue that his attorney was ineffective in failing to make use of the deposition testimony to obtain a new trial. This claim clearly has no merit. It is well established that "if newly-discovered evidence merely reveals either the witness's bad character, the witness's inconsistent statements or facts inconsistent with the witness's testimony, a new trial generally will not be awarded. Whittington v. Commonwealth, 361 S.E.2d 449, 452 (Va. App. 1987) (citing Powell v. Commonwealth, 112 S.E. 657, 660 (1922)).

[6] Respondent's reply to Garnett's post-judgment motions does not acknowledge Garnett's references to the post-trial deposition or raise procedural or substantive arguments relevant to this particular evidence and his Napue claim. Moreover, because Garnett presented both the Napue claim and the evidence in the state habeas proceedings, the court cannot dismiss the claim as unexhausted on its face. See 28 U.S.C. § 2254(b) (requiring exhaustion of available state court remedies as prerequisite for federal habeas relief). Similarly, since the claim and evidence were before the state court and were first presented to this court while the § 2254 petition was pending, the court will not hold that Garnett's motion raising his Napue claim is a successive § 2254 petition. See Gonzales, 545 U.S. at 526; Finally, because the state habeas court did not address Garnett's Napue claim based on the deposition, this court is not bound to decide the claim under the deferential standard set forth in 28 U.S.C. § 2254(d) for claims adjudicated in the state courts.

6

> When public officers connive at or knowingly acquiesce in the use of perjured evidence, their misconduct denies a defendant due process of law. Recantation of testimony alone, however, is insufficient to set aside a conviction on the ground that the due process clause has been violated. A habeas corpus petitioner must show that the prosecutor or other government officers knew the testimony in question was false in order to prevail.

Wolfe v. Clarke, 819 F. Supp. 2d 538, 570 (E.D. Va. 2011), aff'd, 691 F.3d 410 (4th Cir. 2012) (quoting Stockton v. Virginia, 852 F.2d 740, 749 (4th Cir. 1988) (citation omitted)). Petitioner must also show that the false evidence was material, by demonstrating a "'reasonable probability' that the result of the proceeding would have been different if the evidence had been disclosed."[7] Id. at 546 (quoting Kyles v. Whitley, 514 U.S. 419, 434 (1995)).

Garnett's due process claim fails under both facets of this standard. First, his new evidence—the deposition—offers no suggestion that the prosecutor or any other state official involved in the investigation knew, at any time, that any portion of the victim's trial testimony was false. Second, after careful comparison of the victim's accounts in the record, the court cannot find that the deposition reflects a recantation of any prior testimony she had given on any factual matter material to the jury's guilty verdicts. Moreover, whatever impeachment value might attach to the minor inconsistencies between the deposition and the victim's prior statements or testimony is merely cumulative of other impeachment evidence presented to the jury. As the court remarked in the August 31 opinion,

> [e]ven assuming, arguendo, that all of the evidence Garnett claims was missing from the trial had been presented to the jury, that assumption still does not raise a reasonable probability that the outcome would have been different. The Commonwealth presented a good deal of evidence beyond [the victim's] testimony, including physical and expert evidence, that supported conviction. Defense counsel impeached [the victim] and challenged her credibility multiple times and presented much evidence in support of its theory that [she] was a disgruntled ex-girlfriend. The jury could reasonably have credited all of the

---

[7] Petitioner can fulfill the materiality standard by showing that the cumulative effect of all suppressed evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Kyles, 514 U.S. at 436.

missing evidence and still convicted Garnett based on the Commonwealth's presentation.

Garnett, 2015 WL 5112967, at *8. The court concludes that this analysis applies equally to the victim's deposition and Garnett's Napue claim based on that evidence.

For the stated reasons, Garnett has failed to show any "manifest injustice" he will suffer absent relief from the court's opinion and order denying habeas relief. Therefore, the court must deny his Rule 59(e) motion. Zinkand, 478 F.3d at 637. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record.

ENTER: This 23rd day of November, 2015.

/s/ Glen Conrad
Chief United States District Judge