CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 22 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| HOWARD Z. GARNETT, | ) | CASE NO. 7:14CV00452 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| HAROLD CLARKE, DIRECTOR, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

This closed action, filed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, is currently on appeal. Petitioner Howard Z. Garnett, pro se, now moves for reconsideration of this court's judgment under Rule 60(b)(3) of the Federal Rules of Civil Procedure. After review of the record, the court concludes that Garnett's motion must be denied.

Garnett, through counsel, filed a § 2254 petition, challenging his 2004 convictions in the Madison County Circuit Court for abduction with intent to defile, rape, animate object penetration, and domestic assault, third offense. After review of the state court records, the court granted respondent's motion to dismiss. Garnett v. Clarke, No. 7:14CV00452, 2015 WL 5112967 (W.D. Va. Aug. 31, 2015) (ECF Nos. 13 and 14). The court later considered and denied Garnett's pro se motion to alter or amend judgment under Rule 59(e), and Garnett then appealed.

"Rule 60(b)(3) allows a court to relieve a party from a final judgment based on fraud . . ., misrepresentation, or other misconduct of an adverse party." Thomas v. Parker, 609 F.3d 1114, 1119-20 (10th Cir. 2010) (internal quotations omitted). However, "a Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a [habeas] claim for relief should be treated as a successive habeas petition." Gonzalez v. Crosby, 545 U.S. 524, 534 (2005); United

States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (holding "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application") (internal quotation marks and citation omitted). Similarly, if a 60(b)(3) motion alleges "fraud on the state court," rather than fraud against the federal habeas court, "then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding." Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006).

Garnett's current allegations of fraud on the court fall squarely in the category of post-habeas motions under Rule 60(b) that must be denied as such and construed as second or successive § 2254 petitions. The purported fraud Garnett alleges involves events before, during, and immediately after the state court trial. He does not even allege that any fraud affected this court's consideration of his § 2254 petition or his Rule 59(e) motion. Moreover, the gravamen of his current claims was fully addressed and rejected in the court's opinion denying relief under Rule 59(e). Because Garnett's Rule 60(b) motion clearly attempts to invalidate his state court conviction and does not identify any defect whatsoever in this federal habeas action, the court must construe and redocket his submission as a § 2254 petition. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record.

ENTER: This 22d day of March, 2016.

_____
Chief United States District Judge