IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **HOWARD Z. GARNETT,** | ) |
| Petitioner, | ) Case No. 7:14CV00452 |
| v. | ) **OPINION** |
| **HAROLD CLARKE, DIRECTOR, DEPARTMENT OF CORRECTIONS,** | ) JUDGE JAMES P. JONES |
| Respondent. | ) |

*Alexander L. Taylor, Jr.*, ALEX TAYLOR LAW, PC, for Petitioner; *Matthew P. Dullaghan*, Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent.

Petitioner Howard Z. Garnett, by counsel, has moved, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for reconsideration of this court's 2015 dismissal of his habeas corpus petition under 28 U.S.C. § 2254. For the reasons stated, I will deny the motion.

I. PROCEDURAL BACKGROUND.

Following a two-day jury trial, on February 19, 2004, a Madison County, Virginia, jury convicted Garnett for the July 24, 2003, rape of victim VD, animate object penetration, third-offense domestic assault, and abduction with intent to defile. The jury acquitted Garnett of raping VD on January 19, 2003, and on April

29, 2003. On December 1, 2004, the court imposed the jury's recommended sentence of 65 years.

After exhausting his state court direct appeals and state habeas remedies, on August 26, 2014, Garnett, by counsel, timely filed his § 2254 petition in this court, challenging the above convictions. His petition raised allegations of ineffective assistance of counsel, denial of the right to testify on his own behalf, and due process violations arising from prosecutorial misconduct in allegedly suppressing exculpatory evidence. The court found that Garnett defaulted some of his ineffective assistance claims. For the remaining claims, the state habeas court's decision on ineffective assistance of counsel and denial of the right to testify was based on a reasonable determination of facts and a reasonable application of federal law. The court also held that Garnett exhausted his state remedies on the prosecutorial misconduct claim during his direct appeal.

On the prosecutorial misconduct claim, the Supreme Court of Virginia had concluded that the Commonwealth had disclosed all material exculpatory and impeachment evidence by providing summaries of VD's interviews with law enforcement, rather than verbatim transcripts, to the defense. *Garnett v. Commonwealth*, 657 S.E.2d 100, 108 (Va. 2008). The state court further held that Garnett suffered no prejudice from not receiving the full transcripts of the interviews, because the transcripts did not present impeachment evidence so

different from the disclosed summaries that they raised a reasonable probability of a different outcome. *Id.* at 112. Finding that the state court's decision was based on a reasonable determination of facts and a reasonable application of federal law, this court dismissed the § 2254 petition.

Garnett filed a pro se motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, requesting the court to consider the deposition transcript of VD's testimony in a civil trial against him, taken the year after Garnett's criminal conviction. The deposition testimony differed from VD's trial testimony in several respects and contradicted one of her statements to investigators after the initial investigation. Garnett asked the court to consider this evidence, along with the previously argued evidence,[1] to show prosecutorial misconduct in suborning perjured testimony, in violation of his due process rights. Because the deposition transcript had been provided to the state court and argued to the state court, but no opinion rendered on that issue, the court reconsidered Garnett's prosecutorial misconduct claim de novo. The court held that the deposition transcript, added to

---

[1] The previous evidence, attached as Exhibits to the original § 2254 petition, included the full transcripts of VD's interviews with Investigator Michael on July 24, 2003, and July 31, 2003 (Ex. at 9 – 25, ECF No. 1-1) and copies of invoices and shipping tickets from Spring Water Farm for purchases made by Garnett and VD on the afternoon of April 29, 2003. In her statement of July 31, 2003, VD told Investigator Michael that Garnett forced her to drive to Spring Water Farm in Harrisonburg on April 29 after he raped her. She did not mention the trip to Harrisonburg in her criminal trial testimony. In the state habeas hearing, she testified that she did not believe she had gone to Harrisonburg with Garnett on April 29. In her 2005 deposition, she denied going to Harrisonburg that day.

the previous evidence and argument, did not change the analysis and did not create a reasonable probability of a different outcome. In denying Garnett's Rule 59(e) motion, the court quoted from its previous opinion:

> [A]ssuming . . . that all of the evidence Garnett claims was missing from the trial had been presented to the jury, that assumption still does not raise a reasonable probability that the outcome would have been different. The Commonwealth presented a good deal of evidence beyond [VD's] testimony, including physical and expert evidence, that supported conviction. Defense counsel impeached [VD] and challenged her credibility multiple times and presented much evidence in support of its theory that [she] was a disgruntled ex-girlfriend. The jury could reasonably have credited all of the missing evidence and still convicted Garnett based on the Commonwealth's presentation.

*Garnett v. Clarke*, No. 7:14CV00452, 2015 WL 7571949, at *4 (W.D. Va. Nov. 24, 2015) (Conrad, J.) (quoting *Garnett v. Clark*, No. 7:14-CV-00452, 2015 WL 5112967, at *8 (W.D. Va. Aug. 31, 2015)).

Garnett appealed the denial of his habeas petition and of his Rule 59(e) motion. The court of appeals dismissed the appeal. *Garnett v. Clarke*, 642 F. App'x (4th Cir. 2016) (unpublished).

Garnett next filed a pro se motion for reconsideration under Rule 60(b)(3) of the Federal Rules of Criminal Procedure, alleging fraud by the Commonwealth and by VD in procuring his criminal conviction. Explaining that Rule 60(b)(3) would require proof of fraud on the federal habeas court, rather than fraud on the state court

4

presiding over the criminal trial, the court construed Garnett's motion as a subsequent habeas petition, raising the same issues previously adjudicated in his original habeas, and dismissed the pleading as required by 28 U.S.C. § 2244(b)(1). Mem. Op. 2, Mar. 22, 2016, ECF No. 36. The court of appeals dismissed Garnett's appeal. *Garnett v. Clarke*, 670 F. App'x 111 (4th Cir. 2016) (unpublished).

In his current counseled motion, Garnett argues that the Supreme Court's opinion in *Buck v. Davis*, 137 S. Ct. 759 (2017), constitutes a change in law, such that the Rule 60 motion previously filed should not have been dismissed as successive. Under the circumstances of this case, he argues, extraordinary circumstances warrant the court in re-opening the previous habeas judgment and granting relief on his *Brady*[2] violation/prosecutorial misconduct claim. He further argues that no procedural bars apply due to Garnett's actual innocence, citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), and that review of all the evidence would show, more likely than not, that no reasonable juror would have convicted Garnett.

II. DISCUSSION.

*Buck* is inapplicable to this case. In *Buck*, the district court had dismissed an ineffective assistance of trial counsel claim as procedurally defaulted, because the

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963) (recognizing a prosecutor's duty, under due process principles, to disclose potentially favorable evidence in its possession to the defendant).

claim had not been raised in the state court. Some years later, after the court's decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), the district court would have been able to consider Buck's ineffective assistance of trial counsel claim so long as the claim had some merit, because Texas procedure effectively limited ineffective assistance claims to post-conviction proceedings. Buck filed a Rule 60(b)(6) motion to reopen his habeas petition, alleging extraordinary circumstances justifying relief. *Buck*, 137 S. Ct. at 772. The extraordinary circumstances included the egregious nature of the defaulted ineffectiveness claim,[3] the new procedural rule that would now allow the defaulted claim to be considered, and that the state had confessed error and waived procedural defenses in six other cases raising the same underlying issue. The district court denied relief. The Supreme Court held that Buck had demonstrated extraordinary circumstances and was entitled to relief, noting that he would not have been entitled to the relief unless *Martinez* and *Trevino* would govern the district court's review of the defaulted issue instead of the cause and prejudice standard in *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991). Specifically, if the new standard set forth

---

[3] Buck's attorney offered the testimony of a psychologist at the sentencing phase of the trial who testified that Buck was statistically more likely to act violently because he was black. The attorney specifically asked the doctor about the role of race. The prosecution also asked about the racial issue on cross-examination and relied upon the doctor's answers in his closing argument. The doctor's report, offered as an exhibit at trial, contained the same statement, and a copy of the report was specifically requested by the jury during deliberations. *Buck*, 137 S. Ct. at 764.

in *Martinez* and *Trevino* would not govern, "his claim would remain unreviewable, and Rule 60(b)(6) relief would be inappropriate." *Buck*, 137 S. Ct. at 780.

In the present case, despite Garrett's argument to the contrary, the *Brady* claim was not defaulted. The claim was decided against him on the merits by the trial court, the full Court of Appeals of Virginia, and the Supreme Court of Virginia. The *Brady* issue was discussed in detail in both appellate opinions.[4] *Garnett v. Commonwealth*, 642 S.E.2d 782, 785–88 (Va. Ct. App. 2007); *Garnett*, 657 S.E.2d at 106–12. The trial court and the appellate courts compared the statement summaries with the statement transcripts and with the trial testimony, concluding that the Commonwealth had provided all material exculpatory evidence before trial.

In ruling on his original federal habeas petition, this court followed the appropriate standard required by 28 U.S.C. § 2254(d), that relief cannot be granted unless the state court's opinion was an unreasonable determination of the facts, contrary to clearly established law as set forth by the United States Supreme Court, or an unreasonable application of federal law. That standard of review has not changed. An unreasonable application of federal law is different from an incorrect application of federal law. *Williams v. Taylor*, 529 U.S. 362, 410 (2000). An

---

[4] Garnett's arguments in his habeas petition and in his motions for reconsideration all track the logic of the dissenting opinion from the Court of Appeals of Virginia, which held a different view on how to apply *Brady* to the facts of Garnett's case. *Garnett*, 642 S.E. 2d at 789–97 (Haley, J., dissenting).

unreasonable determination is a "substantially higher threshold," more than just an incorrect determination. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). This standard of review promotes the principles of finality, comity, and federalism. *Coleman*, 501 U.S. at 730–31. The state court's decision must be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

The standard of review that the district court is required to follow has not changed. Therefore, as the court noted in *Buck*, Garnett's request is inappropriate for Rule 60(b) relief. His request is not directed to a procedural aspect of the previous habeas decision; rather, Garnett seeks a different adjudication of the merits of his claim. District courts are required to treat motions under Rule 60(b) as successive § 2254 petitions when the motion seeks "an adjudication on the *merits* of the petitioner's claims." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (citation omitted). Because Garnett seeks adjudication of this claim on the merits, and it is the same claim that has already been decided, the motion is a successive petition raising a claim that was presented in his prior petition, and I must dismiss it under 28 U.S.C. § 2244(b)(1).

Further, Garnett has not met the criteria for moving forward with an actual innocence claim. First, because he has already filed a federal petition challenging his 2004 convictions and that petition was decided on the merits, 28 U.S.C. § 2244(b)(3)(A) requires authorization by the circuit court of appeals before a second

or subsequent petition attacking the same conviction may be filed in the district court. This preauthorization is required even if the petitioner asserts a claim of actual innocence. 28 U.S.C. § 2244(b)(2)(B).

Second, Garnett has not offered new evidence to support his claim of actual innocence, as required by *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The new evidence must be something that the petitioner could not have previously discovered through the exercise of due diligence. 28 U.S.C. § 2244(b)(2)(B)(i). Nothing offered with Garnett's current motion is new. The transcripts of VD's statements to the police were attached to his original habeas. The state courts reviewed those transcripts on direct appeal. VD's medical records were provided to Garnett in discovery. The transcript of VD's 2005 deposition in the civil case was provided to the state habeas court and was considered on the merits by this court in Garnett's Rule 59(e) motion. In short, Garnett has not offered anything new in support of a claim for actual innocence. Further, even if the evidence were new, the court already decided, in ruling on the Rule 59(e) motion, that the evidence is not sufficient to show a reasonable probability that the results would have been any different, the second requirement of an actual innocence claim, as explained in *Schlup*.

### III. CONCLUSION.

Garnett's Rule 60(b) motion seeks adjudication of his original habeas claim on the merits and as such, it is a successive habeas petition that must be dismissed.

Further, he has not obtained preauthorization from the court of appeals to file a claim based on newly discovered evidence showing actual innocence, nor could he obtain such authorization because he has offered no new evidence.  Accordingly, his motion is construed as a successive habeas petition, presenting the same issue raised in his previous petitions, and I will dismiss it.

    I decline to issue a certificate of appealability because Garnett has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural ruling to be debatable or wrong.

    A separate Final Order will be entered herewith.

    DATED:  September 29, 2022

    /s/ JAMES P. JONES
    Senior United States District Judge